# EXHIBIT A

## SUMMONS

| | |
|---|---|
| Attorney(s) | Aaron A. Mitchell, Esquire |
| Office Address | Law Offices of Cohen and Howard, LLP |
| | 766 Shrewsbury Avenue, Suite 200 |
| Town, State, Zip Code | Tinton Falls, NJ 07724 |
| Telephone Number | (732) 747-5202 |
| Attorney(s) for Plaintiff | Comprehensive Spine, P.A. |

## Superior Court of New Jersey

Bergen     COUNTY

Law     DIVISION

Docket No: BER-L-2948-18

COMPREHENSIVE SPINE, P. A.

    Plaintiff(s)

Vs.

OXFORD HEALTH INSURANCE, INC, UNITED

HEALTHCARE SERVICES, INC, JOHN AND JANE DOES et

    Defendant(s)

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529) If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

_____
Clerk of the Superior Court

DATED:     08/06/2018

Name of Defendant to Be Served: United Healthcare Services, Inc., c/o The Corporation Trust Company

Address of Defendant to Be Served: Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801

Revised 11 17 2014, CN 10792-English (Appendix XII-A)

Date Served: 8/14/18

Time Served: 205 pv

DN   J

**Cohen & Howard, LLP**
Aaron A. Mitchell, Esquire (I.D. #039782008)
766 Shrewsbury Avenue, Suite 200
Tinton Falls, New Jersey 07724
Attorneys for Plaintiff
(732)-747-5202
(732) 747-5259 (Fax)

———————————————————————— X

| | |
|---|---|
| COMPREHENSIVE SPINE CARE, P.A., | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | LAW DIVISION: BERGEN COUNTY |
| vs. | DOCKET NO.: L-2948-18 |
| | CIVIL ACTION |
| OXFORD HEALTH INSURANCE, INC., UNITED HEALTHCARE SERVICES, INC, JOHN AND JANE DOES 1-10 AND ABC CORPORATIONS 1-10, | AMENDED COMPLAINT, JURY DEMAND AND DESIGNATION OF TRIAL COUNSEL. |
| Defendants, | |

——————————————————————— X

Plaintiff, Comprehensive Spine Care, P.A. by and through its attorneys Law Offices of Cohen & Howard, LLP and as and for its Complaint against Defendants, Oxford Health Insurance, Inc., United HealthCare Services, Inc., John and Jane Doe 1-10 and ABC Corporations 1-10, says:

## THE PARTIES

1.      Plaintiff, Comprehensive Spine Care, P.A. (hereinafter referred to as "CSC" and "Plaintiff") with a business address of 466 Old Hook Road in the Borough of Emerson, County of Bergen, and State of New Jersey, is now and was at all times relevant to this action a professional association organized and operating under the Laws of the State of New Jersey, providing healthcare services.

2.      Upon information and belief, at all relevant times, Defendant Oxford Health Insurance, Inc. (hereinafter referred to as "Oxford") was a corporation whose headquarters are

located at 185 Asylum Street, Hartford, Connecticut, which conducted and continues to conduct significant business in the State of New Jersey.

3.      Upon information and belief, at all relevant times, Defendant United HealthCare Services, Inc. (hereinafter referred to as "UHC") was a corporation whose headquarters are located at 185 Asylum Street, Hartford, Connecticut, which conducted and continues to conduct significant business in the State of New Jersey.

4.      Upon information and belief, at all relevant times, the Defendants, Oxford and UHC have merged and act in tandem on policies that are underwritten by Oxford

5.      At all times relevant, upon information and belief, fictitious Defendants John and Jane Does 1 through 10 and ABC Corporations 1 through 10, are yet to be identified entities who directly and proximately caused damages to Plaintiff.

## JURISDICTION AND VENUE

6.      Plaintiff's office is located in Bergen County, New Jersey; however, all medical services, which are the subject matter of this action, were rendered at Mt. Sinai Medical Center in New York, New York.

7.      Patient, "MH" herein identified only by her Oxford Identification Number 997039302 (hereinafter referred to as the "Patient") received medical benefits through the Defendants.

8.      At all relevant times, the Patient lived in Bergen County, New Jersey

9       Plaintiff is proceeding on its own individual claims concerning medical services provided to the Patient.

10.     This matter is properly venued in State Court.  None of Plaintiff's claims, as detailed infra, are governed by federal law, including the Employee Retirement Income Security

Act ("ERISA"). See, Aetna Health Inc. v. Davila, 542 U.S. 200 (2004) (medical provider's claims not preempted by ERISA where (1) the medical provider's claims arose from a contract independent of the ERISA plan; (2) the patients were not parties to the contract between the provider and insurer; and (3) the dispute was limited to the amount of the payment, not the right to be paid.)

11.     The amount in controversy is in excess of $160,000.00.

12.     For all the reasons stated above, this Court has jurisdiction over this matter and, further, it is the proper venue for this matter to be heard.

## FACTUAL BACKGROUND

13.     This dispute arises out of the Defendants' refusal to pay Plaintiff the money to which Plaintiff is entitled for providing necessary medical services to the Patient.

14.     At all relevant times, Plaintiff was a non-participating or out-of-network provider that rendered medically-necessary services to the Patient.

15.     The Patient was previously diagnosed with lumbar degenerative scoliosis with stenosis, bilateral lower extremity radiculopathy and lumbar degenerative disc disease. Following evaluation, Dr. Nomaan Ashraf recommended proceeding with surgery

16.     Prior to performing the surgery, which is the subject matter of this Complaint. the Plaintiff's office contacted the Defendants to request prior authorization for the surgery. The Plaintiff received **written authorization** from the Defendants approving the rendering of surgical services to the Patient under authorization number 97125903

17.     Plaintiff provided **pre-authorized** medically-necessary surgery to the Patient on August 20, 2012, namely: Posterior approach to the lumbar spine from L4-5. posterior decompressive laminectomy and facetectomy and foraminotomy of L4, posterior decompressive

-3-

laminectomy and facetectomy and foraminotomy of L5, posterior lumbar interbody arthrodesis of L4-5 using PEEK biomechanical interbody spacer and bone allograft, and posterior lumbar non-segmental instrumentation from L4-5 using Stryker Mantis screws.

18. Surgery on August 20, 2012 was performed by Nomaan Ashraf, M D , who is Board Certified in Orthopedic Surgery, employed and/or contracted by Plaintiff.

19. Plaintiff billed Defendants for the primary surgeon charges for this medically-necessary treatment $178,147.00, which represents normal and reasonable charges for the complex procedures performed by a Board Certified Orthopedic Surgeon practicing in New Jersey.

20. Defendants paid $18,002.08 toward these reasonable charges, leaving a balance due on this bill of $160,144.92.

21. While Defendants were aware that Plaintiff was an out-of-network provider, Defendants never disclosed that it did not intent to pay for said services. To the contrary, Defendants induced Plaintiff to provide the medical services with the explicit knowledge that Defendants never intended to pay the amounts they were obligated to pay.

### FIRST COUNT
### (Breach of Contract)

22. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "21" of this Complaint with the same force and effect as if fully set forth herein at length

23. Plaintiff hereby alleges that an implied in-fact contract has been created through Defendants' course of conduct and interaction with Plaintiff (hereinafter, the "Contract")

24. By authorizing the surgery, Defendants agreed to pay the fair and reasonable rates for the medical services provided by Plaintiff and Plaintiff performed said services based upon those terms.

-4-

25.     This implied Contract indicated that Plaintiff would be paid by Defendants a fair and reasonable amount for the highly-skilled services provided by the Plaintiff.

26.     However, Plaintiff was paid only a fraction -- $18,002.08-- of the fair and reasonable amount of $178,147.00 for the highly-skilled services provided to the Patient.

27.     Plaintiff has suffered significant damages as a result of Defendants' actions

28.     As a direct result of Defendants' breach of the Contract, Plaintiff has been damaged in an amount to be determined at trial, but not less than $160,144.92, plus interest, costs, and attorneys' fees.

## SECOND COUNT
### (Promissory Estoppel)

29.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "28" of this Complaint with the same force and effect as if fully set forth herein at length.

30.     By providing a pre-surgery authorization to Plaintiff, Defendants promised that Plaintiff would be paid for its services at a fair and reasonable rate.

31.     Plaintiff relied upon this promise to its detriment by spending valuable time, resources, and energy in providing medical services to the Patient.

32..     Plaintiff has suffered significant damages as a result of Defendants' actions.   ·

33.     As a direct result of Defendants' refusal to pay Plaintiff the fair and reasonable value for the services Plaintiff provided at the behest of Defendants, Plaintiff has been damaged in an amount to be determined at trial, but not less than $160,144 92, plus interest, costs, and attorneys' fees.

## THIRD COUNT
### (Account Stated)

34.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "33" of this Complaint with the same force and effect as if fully set forth herein at length.

35.    After providing the medical services, which were authorized by Defendant, Plaintiff submitted bills and requests for payment to Defendants in the sum total of $178,147.00.

36.    To date, Defendants have acknowledged receipt of the bills, and has paid a small portion, $18,002.08, of the invoices, but have not objected, in any manner to the billed amounts, including, but not limited to, the amount billed or to the services provided.

37.    Plaintiff has suffered significant damages as a result of Defendants' actions.

38.    As a direct result of Defendants' refusal to pay Plaintiff for the medical services provided and billed to Defendants, who acknowledged receipt without objection, Plaintiff has been damaged in an amount to be determined at trial, but not less than $160,144 92, plus interest, costs, and attorneys' fees.

## FOURTH COUNT
### (Quantum Meruit)

39.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "38" of this Complaint with the same force and effect as if fully set forth herein at length.

40.    Plaintiff provided the medically-necessary medical services, which were needed for the health of the Patient.

41.    By authorizing the surgery, Defendants agreed to pay the fair and reasonable rates for the medical services provided by the Plaintiff and Plaintiff performed said services based upon those terms.

42.   As such, Plaintiff is entitled to be paid the reasonable and customary value for the highly-skilled services provided by the Plaintiff.

43.   However, Defendants paid only a fraction -- $18,002.08 -- of the usual, customary and reasonable amount of $178,147.00 for the highly-skilled services provided to the Patient.

44.   Plaintiff has suffered significant damages as a result of Defendants' actions.

45.   Under the doctrine of *quantum meruit*, Plaintiff is entitled to receive the sum of not less than $160,144.92, plus interest, costs, and attorneys' fees.

**WHEREFORE,** Plaintiff respectfully demands judgment against the Defendants:

1. As and for its first cause of action, for breach of an implied contract in an amount to be determined at trial, but not less than $160,144.92, along with its reasonable attorneys' fees, interest, costs and expenses; and

2. As and for its second cause of action under the theory of promissory estoppel in an amount to be determined at trial, but not less than $160,144.92, along with its reasonable attorneys' fees, interest, costs and expenses; and

3. As and for its third cause of action for an account stated, in an amount to be determined at trial, but not less than $160,144.92, along with its reasonable attorneys' fees, interest, costs and expenses; and

4. As and for its fourth cause of action under the doctrine of *quantum meruit*, in an amount to be determined at trial, but not less than $160,144.92, along with its reasonable attorneys' fees, interest, costs and expenses; and

5. Along with such other and further relief to plaintiff as this Court deems just, fair, and proper.

## JURY DEMAND

Pursuant to R. 4:35-1, Plaintiff hereby demands a trial by jury as to all counts

BER-L-002948-18   08/03/2018 2:55:15 PM   Pg 8 of 8 Trans ID: LCV20181351711

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Aaron A. Mitchell, Esquire is hereby designated as trial counsel.

## CERTIFICATION

I hereby certify that pursuant to R. 4:5-1 that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding related to claims arising from medical services provided from Plaintiff to the Patient. No such action or arbitration proceeding is contemplated by Plaintiff at this time.

LAW OFFICES OF COHEN & HOWARD, L.L.P.
Attorneys for Plaintiff

BY _____
        Aaron A. Mitchell, Esquire

Dated:  August 3, 2018

-8-

BER L 002948-18  04/24/2018 4:45:08 AM  Pg 1 of 1  Trans ID: LCV2018707889

BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680
                                          TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 527-2600
COURT HOURS  8:30 AM - 4:30 PM

                              DATE:   APRIL 23, 2018
                              RE:     COMPREHENSIVE SPINE  CARE, P.A  VS UNITED HEALTHC
                              DOCKET: BER L -002948 18

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON ROBERT C. WILSON

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (201) 527-2600.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                    ATT: LESLIE S. HOWARD
                                    COHEN & HOWARD, LLP
                                    766 SHREWSBURY AVE
                                    TINTON FALLS     NJ 07724

ECOURTS