UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

COMPREHENSIVE SPINE CARE, P.A.,

*Plaintiff*,

v.

OXFORD HEALTH INSURANCE, INC.,
UNITED HEALTHCARE SERVICES, INC.,
JOHN AND JANE DOES 1-10, and ABC
CORPORATIONS 1-10,

*Defendants*.

Civil Action No. 18-13874

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This case concerns payment for medical services. Plaintiff Comprehensive Spine Care, P.A. alleges that Defendants Oxford Health Insurance, Inc. and United Healthcare Services, Inc. failed to fully reimburse Plaintiff for surgery performed on "M.H.," who was insured through Defendants. D.E. 1-1. Currently pending before the Court is Defendants' motion to dismiss Plaintiff's Complaint[1] pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. D.E. 8. The Court reviewed the parties' submissions in support and in opposition[2] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motion to dismiss is granted.

---

[1] The pleading, D.E. 1-1, is entitled "Amended Complaint," but it appears to be the original Complaint. Accordingly, the Court refers to the pleading as "Complaint" or "Compl."

[2] Defendants' brief in support of their motion will be referred to as "Def. Br.," D.E. 8-4; Plaintiff's opposition will be referred to as "Pl. Opp'n," D.E. 14; Defendants' reply will be referred to as "Def. Reply," D.E. 17.

## I. INTRODUCTION[3]

Plaintiff is a New Jersey-based medical provider. Compl. ¶ 1. Defendants are health insurance companies with their principal places of business in Hartford, Connecticut. *Id.* ¶¶ 2-3. With respect to Defendants' insurance plans, Plaintiff is a "non-participating or out-of-network provider." *Id.* ¶ 14. On Monday, August 20, 2012, a physician contracted by Plaintiff performed surgery on "M.H.," who was insured through Defendants. *Id.* ¶¶ 7, 18. Plaintiff alleges that prior to performing surgery on M.H., Plaintiff requested and received "*written* authorization" for the surgery from the Defendants. *Id.* ¶ 16 (emphasis added). Plaintiff billed Defendants in the amount of $178,147.00, which Plaintiff alleges "represents normal and reasonable charges for the complex procedures performed." *Id.* ¶¶ 17, 19. However, Defendants allegedly paid only $18,002.08. *Id.* ¶ 20.

On August 6, 2018, Plaintiff filed an action against Defendants in the Superior Court of New Jersey, alleging four causes of action: (I) breach of contract, (II) promissory estoppel, (III) account stated, and (IV) quantum meruit. *Id.* ¶¶ 22-45. Defendants removed the action to this Court pursuant to 28 U.S.C. § 1332(a)(1), asserting diversity jurisdiction. D.E. 1. Defendants now move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, arguing, *inter alia*, that Section 514 of the Employee Retirement Income Security Act, 29 U.S.C. § 1144 ("ERISA"), expressly preempts all four of Plaintiff's state common law claims. D.E. 8-4. Plaintiff opposed this motion, D.E. 14, and Defendants replied, D.E. 17.

---

[3] The facts are derived from Plaintiff's Complaint, D.E. 1-1. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

## III. ANALYSIS

The issue before this Court is whether Section 514 of ERISA expressly preempts four of Plaintiff's four counts.[4] ERISA applies to "any employee benefit plan if it is established or maintained . . . by any employer engaged in commerce." 29 U.S.C. § 1003(a). Section 514(a) provides that "the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan[.]" 29 U.S.C. § 1144(a) (emphasis added). "The purpose of this broad preemption clause [is] to ensure [that] plans and plan sponsors [are] subject to a uniform body of benefit law, minimizing the administrative and financial burden of complying with conflicting requirements of the various States." *Jorgensen v. Prudential Ins. Co. of Am.*, 852 F. Supp. 255, 260-61 (D.N.J. 1994) (citing *Ingersoll-Rand v. McClendon*, 498 U.S. 133, 142 (1990)).

Defendants argue that the written preauthorization they provided Plaintiff expressly indicates that payment would be subject to M.H.'s plan, which is governed by ERISA,[5] and

---

[4] The Court notes that ERISA provides for two types of preemption: (1) express, under Section 514; and (2) complete, under Section 502. *See Levine v. United Healthcare Corp.*, 402 F.3d 156, 162 n.8 (3d Cir. 2005) ("When addressing preemption under section 502(a) we are dealing with 'complete preemption,' as opposed to 'express preemption' which arises under section 514 of ERISA. Complete preemption is a jurisdictional concept, and is distinguishable from questions which arise under section 514."). Defendants do not argue that Plaintiff's state law claims are completely preempted under Section 502, Def. Reply at 2, and Plaintiff's arguments regarding complete preemption, Pl. Opp'n at 7-11, are therefore not relevant to the applicability of Section 514 preemption in this case. *See Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 277 (3d Cir. 2001) (explaining that Section 502 is "jurisdictional and creates a basis for removal to federal court, [while Section] 514(a) . . . governs the law that will apply to state law claims, regardless of whether the case is brought in state or federal court.").

[5] Plaintiff does not dispute that M.H.'s plan is governed by ERISA. The Court also notes that the Certificate of Coverage for M.H.'s plan supports this conclusion, as it indicates that eligibility requires employment with a covered employer and that coverage is facilitated through the "employer's Employee Benefits Department." D.E. 8-2 at 29.

4

therefore Plaintiff's state law claims regarding underpayment are preempted by Section 514. Def. Br. at 11. In support, Defendants attach to their motion to dismiss the preauthorization letter, which is dated August 17, 2012 and lists M.H. as the member. D.E. 8-3.

Plaintiff seems to argue that it did not receive written preauthorization prior to the operation, noting that

> [a]ssuming *arguendo* that Defendants did, in fact, mail the pre-authorization letter (from Hartfort, Connecticut) on Friday, August 17, 2012, the day it is dated, to Plaintiff, it is an impossibility that the letter would have reached Plaintiff by Monday, August 20, 2012 at 6:14 am, the relevant date and time of the admission for surgery.

Pl. Opp'n at 3. Plaintiff goes on to argue that it only received *oral* preauthorization prior to surgery, which confirmed that it would be paid for the services provided in full. *Id.* at 10-11. However, this assertion by Plaintiff directly contradicts Plaintiff's Complaint, where Plaintiff alleges that "Plaintiff received **written authorization** from the Defendants approving the rendering of surgical services to the Patient." Compl. ¶ 16 (emphasis in original). Thus, according to Plaintiff's pleading, Plaintiff *did* receive written preauthorization prior to the surgery.[6] Plaintiff may not now use its opposition brief to amend its Complaint and allege that preauthorization was made in some form other than writing. *See Commonwealth of Pennsylvania ex. rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

---

[6] Plaintiff also does not reference any written preauthorization other than that which Defendants attach to their motion to dismiss. Plaintiff even attaches this same document to its opposition brief (arguing only that it did not receive the document in time – not that a different written preauthorization exists). *See* D.E. 8-3; D.E. 14-3; Pl. Opp'n at 3. Because Plaintiff relies on this written authorization in its Complaint, and it is integral to the Complaint, the Court can consider it. *See supra* note 3.

The issue, then, is whether Plaintiff's common law claims "relate to" M.H.'s employee benefit plan referenced in the preauthorization. The phrase "relate to" is given its "broad common sense meaning, such that state law relates to a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987) (quoting *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985)) (internal quotations and alterations omitted). A claim relates to the plan "when proving this claim will require reference to plan documents to determine what each policy covers, and then examining [the defendant's] claims administration processing and procedures in light of the plan's contours." *Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 295 (3d Cir. 2014).

Here, Plaintiff's common law claims relate to M.H.'s ERISA-covered plan. Plaintiff alleges that "Plaintiff's claims in this matter arise solely from the pre-authorization provided by Defendants." Pl. Opp'n at 10. The written preauthorization expressly states that it "does not guarantee payment," but that instead after the claim is submitted, "payment is based on . . . [t]erms, conditions, exclusions and limitations of the Member's health benefits plan[.]" *See* D.E. 8-3 at 1; D.E. 14-3 at 1.[7] Determining proper payment (and therefore the validity of Plaintiff's claims for such payment), requires reference to the plan documents – specifically their conditions, exclusions, and limitations. Therefore, Section 514(a) preempts Plaintiff's state law claims. Accordingly, all counts in Plaintiff's Complaint are dismissed without prejudice. *See Glastein v. Horizon Blue Cross Blue Shield of Am.*, No. 17-7983, 2018 WL 3849904, at *3 (D.N.J. Aug. 13, 2018)

---

[7] This distinguishes the present matter from *Comprehensive Spine Care P.A v. Oxford Health Ins.*, No. 18-10036, 2018 U.S. Dist. LEXIS 207782 (D.N.J. Dec. 10, 2018), where Chief Judge Linares found that the plaintiff's state law claims were not preempted because "nothing in the Amended Complaint direct[ed] the Court to ERISA or an ERISA plan." *Id.* at 13. Here, Plaintiff's Complaint relied on a written preauthorization, which expressly made payment contingent on the terms of an ERISA plan. Compl. ¶ 16.

(dismissing the plaintiff's complaint alleging solely state common law claims when preauthorization "explicitly state[d] that 'it is not a guarantee of payment [and] is subject to the terms' of the benefit plan.").

## IV. CONCLUSION

In sum, the Court grants Defendants' motion to dismiss Plaintiff's Complaint, D.E. 8. The Compliant is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint, curing the deficiencies noted herein, within thirty (30) days. If Plaintiff fails to do so, this matter will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: June 14, 2019

                                            John Michael Vazquez, U.S.D.J.